STATE OF NORTH CAROLINA v. ERNEST McLEOD

No. 135PA84

(Filed 2 October 1984)

ON discretionary review pursuant to G.S. § 7A-31 of a decision of the Court of Appeals, 67 N.C. App. 186, 312 S.E. 2d 674 (1984), finding no error in the trial and sentencing of defendant before *Barnette, J.*, for assault with a deadly weapon inflicting serious injury at the 7 February 1983 Criminal Session of Superior Court, ORANGE County.

At his trial, defendant denied any involvement in the assault upon the prosecuting witness, Willie Johnson, and raised a defense of alibi. Defendant sought to have his witness, Jerry Rogers, declared hostile so that he could cross-examine and impeach Rogers with his prior extrajudicial statements tending to inculpate Rogers for the assault with which defendant was charged. On voir dire, three witnesses (including defendant's brother) testified that Jerry Rogers had told them, or they had overheard him say, that he had cut a "white dude" on the night of the assault in question. During voir dire, defendant examined Jerry Rogers who denied making these statements and stated that, prior to trial, he had never seen the victim. Defendant's request that Rogers be declared a hostile witness was denied. The trial court ruled that defendant could call Rogers as a witness, but that he could not impeach Rogers with evidence of Rogers' prior statements. On direct examination before the jury, Rogers denied that he had cut the victim or made any statements that he had cut a "white dude."

The defendant appealed his conviction, contending that it was error and a denial of due process as guaranteed by the United States Constitution and the North Carolina Constitution to prohibit defendant from (1) cross-examining Rogers as a hostile witness and (2) then attempting to impeach him through evidence of prior inconsistent statements by way of testimony offered from the three voir dire witnesses. The Court of Appeals, in an opinion by Whichard, J., with Arnold, J., and Becton, J., concurring, found no error or constitutional violation in the ruling of the trial court and affirmed defendant's conviction.

On 30 April 1984, we allowed defendant's petition for discretionary review to determine whether the Court of Appeals erred in affirming the trial court's ruling in refusing to allow defendant to impeach his witness with prior statements tending to inculpate the witness.

*Rufus L. Edmisten, Attorney General, by Francis W. Crawley, Assistant Attorney General, for the State.*

*David M. Rooks, III, for defendant-appellant.*

PER CURIAM.

The defendant has maintained throughout the trial and appellate process that the technical application of the North Carolina evidentiary rule that in criminal cases a defendant may not impeach his witness by evidence that the witness had made prior statements inconsistent with or contradictory to his testimony unless the party calling the witness has been misled to his prejudice, combined with evidentiary hearsay rules regarding declarations or admissions against penal interest, resulted in a denial of due process and a fair trial under the United States Supreme Court decision in *Chambers v. Mississippi*, 401 U.S. 284, 93 S.Ct. 1038, 35 L.Ed. 2d 297 (1973).

The Court of Appeals carefully considered and rejected defendant's evidentiary and constitutional arguments under the applicable rules of evidence, and decisions of this Court and the United States Supreme Court.[1] After reviewing the record and briefs, and hearing oral argument on the question presented, we conclude that the decision of the Court of Appeals should be and it is hereby

Affirmed.

---

1. G.S. 8C-1, Rule 607 became effective 1 July 1984, and has no application to this case. *State v. Cope*, 309 N.C. 47, 305 S.E. 2d 676 (1983).